J-S34005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WARREN PARKER | : | |
| | : | |
| Appellant | : | No. 697 MDA 2021 |

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004766-2018

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.:　　　　　　**FILED:  DECEMBER 16, 2021**

Appellant, Warren Parker, appeals *pro se* from the Order entered in the Court of Common Pleas of Lancaster County dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

On January 4, 2018, Lancaster City Police, including Officer Andrew Mease, conducted a controlled buy of heroin from Appellant. Subsequently, on January 24, 2019, a jury convicted Appellant of Possession with Intent to Deliver and Criminal Use of a Communication Facility. The court sentenced Appellant to an aggregate term of three to eight years' incarceration.

On December 20, 2019, this Court affirmed Appellant's Judgment of Sentence. **Commonwealth v. Parker**, 225 A.3d 1177 (Pa. Super. filed Dec. 20, 2019). Appellant did not seek review by our Supreme Court.

Appellant timely *pro se* filed the instant PCRA petition, his first, on November 24, 2020. The court appointed counsel who, on March 23, 2021, filed a **Turner**/**Finley**[1] no-merit letter and an application to withdraw as counsel. On March 25, 2021, the court granted counsel's application and, in the same order, informed Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response on April 20, 2021. Finding that Appellant had failed to raise any meritorious issues, the PCRA court dismissed Appellant's petition on May 14, 2021.

Appellant timely *pro se* filed a Notice of Appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement. The court, nonetheless, filed a Rule 1925(a) Opinion.[2]

Appellant listed seven issues and several sub-issues in his statement of questions presented. **See** Appellant's Br. at 4-6. In the argument section of his brief, however, Appellant presents only a single claim that his trial counsel was ineffective for failing to object to alleged hearsay testimony given by Officer Mease.[3] **Id.** at 29-30.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Appellant did not file a Rule 1925(b) Statement. On July 12, 2021, however, Appellant *pro se* filed a document titled "Amended PCRA Petition." The PCRA court "construed" this filing as a Rule 1925(b) Statement. Trial Ct. Op. at 5 n.6.

[3] We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016) (citation omitted).

In apparent support of this argument, Appellant cites, without quotation or explanation, to page 145, lines 18-20 of the trial Notes of Testimony. *Id.* at 29. This is a statement the prosecutor made to the court in response to Appellant's motion for a directed verdict:

> [Prosecutor]: Officer Mease did testify that the CI made a phone call to a person known to him as Warren that could sell him heroin and that they went to the address of Warren Parker, the heroin was obtained there.

N.T. Trial, 1/22/19, at 145. Appellant does not explain how this statement supports his ineffectiveness argument.

Our rules of appellate procedure require that an appellant present an argument addressing the lower court's decision underlying his appeal and support his argument with "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). When an appellant fails to do so, this Court "will not become the counsel for an appellant, and will not, therefore, consider [the] issue[.]" *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (internal citation and quotation marks omitted). *See also* Pa.R.A.P. 2101 ("if the defects are in the brief [] of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.").[4]

Aside from a single, irrelevant citation to the trial Notes of Testimony, Appellant has failed to support his argument with citation to the record and relevant case law. He has likewise failed to identify any specific objectionable

---

[4] We are cognizant that, although we will liberally construe pro se filings, "*pro se* status confers no special benefit on an appellant." *In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010).

testimony, explain how his counsel was ineffective for failing to object, or identify trial court error in dismissing his petition. Appellant's failure to develop any legal argument to support his claim that counsel was ineffective fatally hampers our ability to consider the issue. As a result, we conclude that Appellant has waived this claim.[5]

Accordingly, we affirm the PCRA court's Order dismissing Appellant's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/2021

---

[5] Appellant also attempted to argue that (1) his convictions were against the weight of the evidence and (2) the Commonwealth violated his right to confront his accuser. *See* Appellant's Br. at 29-32. Even if he had presented a proper argument with citation to the record and relevant case law, we would conclude these issues were waived for collateral review because Appellant could have raised these claims on direct appeal. *See* 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so . . . on appeal[.]").